IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DAWN BOWERS, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION FILE |
| : | |
| AMERICAN HEART : | NO. 1:06-CV-2989-CC/AJB |
| ASSOCIATION, INC., *et al.*, : | |
| : | |
| Defendants. : | |

## ORDER AND OPINION

This matter is before the Court on Plaintiff's Motion for Leave to Amend and Supplement Complaint filed on April 26, 2007. [Doc. 23]. Defendants, American Heart Association and American Heart Association, Southeast Affiliate, Inc., (collectively "AHA"), and Meagan Cherry-Fulmer ("Cherry-Fulmer"), oppose the motion. [Doc. 27]. For the reasons set forth below, Plaintiff's motion for leave to amend and supplement her complaint is **GRANTED**.

*Background and Procedural History*

Plaintiff, who is African-American, filed her complaint on December 7, 2006, asserting claims of race discrimination and retaliation in violation of 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e *et seq.*;

AO 72A
(Rev.8/82)

retaliation in violation of the Family Medical Leave Act, 29 U.S.C. § 2615(b); and a state law claim against AHA for negligent retention of Cherry-Fulmer. [Doc. 1]. The Court's February 2, 2007, scheduling order set February 27, 2007, as the deadline for amendment of the pleadings. [*See* Docs. 6, 10]. On May 10, 2007, the Court granted the parties' joint motion for an extension of time to complete discovery until July 20, 2007. [Doc. 28].

### *The Parties' Contentions*

Plaintiff's proposed amendment, pursuant to FED. R. CIV. P. 15(a), seeks to add a state law count against AHA on the grounds that it negligently retained Jack Hannings ("Hannings"), its former Executive Vice President and decisionmaker in the adverse employment actions made as to Plaintiff. [*See* Doc. 23, Exh B (proposed amended complaint)]. Plaintiff explains that during Cherry-Fulmer's deposition, Cherry-Fulmer testified that Hannings had referred to another employee as his "favorite little Nazi." *Id.* at 3. Cherry-Fulmer testified as follows:

> Q: Who did you hear secondhand have referred to another employee or another A.H.A. employee as a Nazi?
>
> A: Jack Hannings.
>
> Q: To whom was that statement directed, as far as you know?

2

> A:   What I was told was it was directed towards Ute Kutske.
>
> Q:   Tell me what you heard about that situation?
>
> A:   What I had heard, and again, it's secondhand and I wasn't even employed at the Heart Association when this would have happened, at an awards ceremony, supposedly Jack called her his favorite little Nazi . . . when [Hannings] called her up, he said into the microphone, and now I'm going to introduce my favorite little Nazi . . . .

[Doc. 23, Exh. A (Cherry-Fulmer Depo. excerpt)]. Plaintiff argues that, based upon this comment, AHA knew or should have known that Hannings had a propensity to engage in discriminatory treatment of employees prior to the time that Plaintiff sustained the injuries complained of in this case. Plaintiff contends that because there is no evidence of "undue delay, bad faith or dilatory motive" on her part or prejudice to Defendants, this Court should allow her amendment pursuant to Rule 15(a). [*See* Doc. 23 at 2].

Defendants object, arguing that FED. R. CIV. P. 16(b), not Rule 15(a), applies to any proposed amendment to Plaintiff's complaint because Plaintiff filed her motion to amend two months after the scheduling order's deadline for amending the pleadings. [Doc. 27 at 1]. Defendants argue that Rule 16(b) requires that Plaintiff show good cause to amend the complaint, and that she cannot meet this requirement because the evidence upon which she relies is hearsay and otherwise does not support a claim of

3

AO 72A
(Rev.8/82)

negligent retention.  Defendants further argue that even if Plaintiff is able to meet the good cause requirement of Rule 16(b), her motion to amend under Rule 15(a) should be denied on the grounds of futility.

In Plaintiff's reply, [Doc. 33], she concedes that Rule 16(b) is the proper standard but argues that the relevant issue under Rule 16(b) is not the merit of the proposed claim but whether the party proposing the amendment has been diligent in attempting to meet the deadlines set by the scheduling order.  She further contends that Defendants improperly urge the Court to engage in a summary judgment analysis of the proposed negligent retention claim and that she has presented facts sufficient to support a claim of negligent retention of Hannings.  *Id.* at 7-8.

### *Discussion*

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend a party's pleading shall be "freely given when justice so requires."  FED. R. CIV. P. 15(a).  While a court has discretion to deny a proposed amendment, it must provide a substantial reason for such a denial, because "Rule 15(a) severely restricts the district court's freedom."  *Shipner v. Eastern Air Lines*, 868 F.2d 401, 407 (11th Cir. 1989) (policy embodied in Federal Rules of Civil Procedure favors liberally permitting amendments).  There are, however, certain factors enumerated by both the Supreme

Court and the Eleventh Circuit which justify denial of a motion for leave to amend. These factors include undue prejudice to the opposing party, undue delay, bad faith on the part of the movant, futility of the motion, or repeated failure to cure deficiencies by previous amendments. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Laurie v. Alabama Court of Criminal Appeals,* 256 F.3d 1266, 1274 (11th Cir. 2001).

Notwithstanding the Rule 15(a) principles governing a motion to amend, when a motion to amend is filed after the court has issued its scheduling order, the movant must first demonstrate good cause under Rule 16(b) before the court considers the amendment's propriety under Rule 15(a). *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 n.2, 1419 (11th Cir. 1998); *Wolf Designs, Inc., v. DHR & Co.*, 231 F.R.D. 430, 436 (N.D. Ga. 2005); *Datastrip Intern. Ltd. v. Intacta Tech., Inc.*, 253 F. Supp. 2d 1308, 1317 (N.D. Ga. 2003) ("Courts evaluating motions to amend . . . must apply the good cause rubric of Rule 16 before considering whether amendments are proper under Rule 15 . . . .") (citing *Sosa*, 133 F.3d at 1419).  To do otherwise "would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure." *Sosa*, 133 F.3d at 1419. Specifically, FED. R. CIV. P. 16 requires courts to "enter a scheduling order that limits the time to . . . join other parties and to amend pleadings . . .", as such orders

5

"control the subsequent course of action unless modified by a subsequent order," which may be done only "upon a showing of good cause." FED. R. CIV. P. 16(b), (e). "The good cause standard precludes modification of the court's scheduling order unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *Sosa*, 133 F.3d at 1418 (quoting FED. R. CIV. P. 16 advisory committee's note); *see also Lord v. Fairway Elec. Corp.*, 223 F. Supp. 2d 1270, 1278 (M.D. Fla. 2002) ("Absent a showing of diligence on the part of a party seeking to extend deadlines contained in the scheduling order, the court-ordered schedule should not be disturbed.").

Although most cases addressing the good cause requirement of Rule 16(b) focus on the diligence of the moving party,[1] "[f]utility of amendment is [also] a proper reason for denying a motion for leave to amend" under Rule 16(b). *See Alexander v. AOL Time Warner, Inc.*, 132 Fed. Appx. 267, 268 (11th Cir. 2005) (denying motion to amend under Rule 16(b) based on futility of claim as well as lack of diligence on the part of the moving party) (*unpublished*); *see also Kemin Foods, L.C., v. Pigmentos Vegetales*

---

[1] *See, e.g., Wasdin v. Cheetah Trasnp., LLC,* 2006 WL 3534969, at * 2 (M.D. Ga. Dec. 7, 2006) (good cause found when "there was no discernable lack of diligence on the part of Plaintiff in pursuing her claim"); *Nobles v. Rural Cmty Ins. Svcs.*, 303 F. Supp. 2d 1279, 1284 (M.D. Ala 2004) (finding good cause for amending scheduling order had been met when the moving party had diligently sought discovery leading to proposed amendment); *Hammond v. Gordon County*, Civil Action File No. 4:00-CV-0387-HLM, 2002 WL 32500920, at *2 (N.D. Ga. June 4, 2002) (same).

*Del Centra SA,* 464 F.3d 1339, 1354 (Fed. Cir. 2006) (motion to amend under Rule 16(b) denied on grounds of futility); *Lofton v. Tillman*, No. CV-05-721-KD-M, 2006 WL 2052522 at * 2 (S.D. Ala. July 21, 2006) (engaging in futility analysis of motion made under Rule 16(b)); *Med. Ctr. of Ga., Inc., v. Denon Digital Employee Benefits Plan*, No. 5:03CV32, 2005 WL 1073624, at *4  (M.D. Ga. May 4, 2005) ("Good cause for leave to amend cannot be shown where there is no legal basis to support such an amendment.").

The undesigned recognizes that addressing futility at this initial stage arguably conflates Rule 16(b) and Rule 15(a) analyses.  Notably, the *Sosa* Court analyzed when the information leading to the proposed amendment had become available, as well as how promptly the plaintiff had moved to amend the complaint after the discovery of any new evidence.  The court did not address the merit of the proposed claim.  *See Sosa*, 133 F.3d at 1419.

Regardless of whether the analysis focuses on futility as well as diligence, the Court concludes that Plaintiff has met the good cause requirement of Rule 16(b). Defendants do not argue that Plaintiff knew of Hannings' comment prior to filing the case, was not diligent in her efforts to obtain discovery, or delayed filing her motion to amend the complaint once she became aware of the new information.  *See* Doc. 27.

7

Indeed, Defendants do not dispute Plaintiff's assertion that she filed her proposed amendment eight days after Cherry-Fulmer's deposition. *See* Doc. 23 at 4.

The Court, therefore, turns to whether Plaintiff's proposed claim for negligent retention of Hannings is futile. Defendants first argue that Plaintiff's claim is futile because she relies on hearsay testimony as evidence of AHA's negligent retention of Hannings. It is well-settled that inadmissible hearsay may not be considered at the summary judgment stage. *Macuba v. Deboer*, 193 F.3d 1316, 1322 (11th Cir. 1999). Thus, while reliance upon Fulmer-Cherry's hearsay testimony regarding Hannings' alleged Nazi comment would, indeed, be fatal to Plaintiff's claim if this were a motion for summary judgment, this is a motion to amend the complaint. *See* FED. R. CIV. P. 56(e) ("[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence"). FED. R. CIV. P 8(a), however, requires only that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This Court has found no case law (and Defendants have cited none) requiring that a plaintiff submit admissible evidence or reduce otherwise inadmissible hearsay to an admissible form when filing a motion

8

to amend the complaint.[2]  If, at the summary judgment stage, Plaintiff continues to rely upon inadmissible hearsay in support of this claim, Defendant may object to this evidence.  *See Morgan v. Sears, Roebuck & Co.*, 700 F. Supp. 1574, 1576 (N.D. Ga. 1988) (the proper method for challenging the admissibility of evidence in an affidavit or declaration submitted with a motion for summary judgment on substantive rather than procedural grounds is to file a notice of objection to the challenged testimony) (citing *Pinkerton & Laws Co. v. Roadway Express, Inc.*, 650 F. Supp. 1138, 1141 (N.D. Ga. 1986)).   At this stage, however, the Court can properly consider Fulmer-Cherry's testimony in the disposition of Plaintiff's motion to amend.

Defendant next argues that Plaintiff's motion to amend and supplement her complaint should be denied as futile because she does not allege facts which support a claim of negligent retention.  "[A] proposed amendment is futile when the allegations of the proffered complaint would be unable to withstand a motion to dismiss." *Amick v. BM & KM, Inc.*, 275 F. Supp. 2d 1378, 1381 (N.D. Ga. 2003) (citing *Vanderberg v. Donaldson,* 259 F.3d 1321, 1326-27 (11th Cir. 2001)); *Florida Power & Light Co. v. Allis Chalmers Corp.*, 85 F.3d 1514, 1520 (11th Cir. 1996) (amendment denied when

---

[2]  The Court notes that Plaintiff intends to depose Hannings to ask him directly about this matter, thus potentially resolving any issue regarding admissibility of the evidence.  *See* Doc. 33 at 4 n.2.

9

claim would not survive a motion to dismiss).  A motion to dismiss for failure to state a claim under FED. R. CIV. P. 12(b)(6) "should be granted 'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'"  *Daniel v. United States*, 891 F. Supp. 600, 602 n.1 (N.D. Ga. 1995) (quoting *Blackston v. State of Alabama*, 30 F.3d 117, 120 (11th Cir. 1994)).

"In order to sustain a claim for negligent retention, a plaintiff must show that the employer knew or should have known of the employee's propensity to engage in the conduct which caused his injury, by proffering evidence that is substantially related to the injury-causing conduct." *Pierri v. Cingular Wireless*, *LLC*, 397 F. Supp. 2d 1364, 1383 (N.D. Ga. 2005) (citing *Herrin Bus. Prod., Inc., v. Ergle,* 563 S.E.2d 442, 446, 245 Ga. App. 714, 717 (Ct. App. 2002)).  Relying on *Pierri*, Defendants argue that Plaintiff cannot maintain a claim for negligent retention of Hannings because Hannings' use of the phrase "favorite little Nazi" was only a "stray comment" and not related "in any manner to an employment decision or to Plaintiff's present claims." [Doc. 29 at 4-5].  Defendants further argue that the "term 'Nazi' is the shortened name of the National Socialist German Workers' Party and is unrelated to race."  [Doc. 27 at 4 n.1].  Thus, Defendant asserts that Hannings' use of the word "Nazi" would not

10

have put AHA on notice that Hannings might base an employment decision on an employee's race.

In *Pierri*, the plaintiff alleged a negligent retention claim based on a supervisor's propensity to harass female employees. *Pierri*, 397 F. Supp. 2d at 1384. In the disposition of the defendant's motion for summary judgment, the *Pierri* Court concluded that the plaintiff's negligent retention claim failed because the complaints upon which she relied were either "inadmissible hearsay" or concerned strictly "work-related incidents, such as the closing of Defendant's Michigan office and a 2003 performance evaluation." *Id.* Thus, the Court concluded that "[b]ecause the alleged harassing conduct toward Plaintiff is unrelated to the type of conduct complained of [by other employees]" - - i.e., work-related complaints - - "Defendant was not put on notice of Mr. Murray's alleged propensity for gender harassment." *See Pierri*, 397 F. Supp. 2d at 1384.

Plaintiff argues that *Pierri* is distinguishable. She concedes that Hannings' comment did not concern Plaintiff directly but argues that, unlike the supervisor in *Pierri*, Hannings' alleged "Nazi" comment is "inherently racist" and, therefore, indicates "Mr. Hannings' tendencies and propensities to engage in discriminatory conduct that violates Title VII and other anti-discrimination laws." [Doc. 33 at 8].

11

AO 72A
(Rev.8/82)

Plaintiff contends that this hearsay statement by Fulmer-Cherry indicates that further discovery is necessary on this issue of Hannings' alleged propensity to engage in unlawful discrimination.

The Court agrees with Plaintiff as to *Pierri* and, moreover, finds that Plaintiff has adduced sufficient evidence to plead a claim of negligent retention. Although subject to more than one interpretation, Hannings' alleged use of the term Nazi could connote approval of the intolerant attitudes associated with the Nazis. While Defendant argues that the term "Nazi" is not directly related to race, individuals and groups associated with Nazi ideology harbor racial animus. *See Archuleta v. American Airlines, Inc.*, No. CV00–1286, 2000 WL 656808, at * 9 (C.D. Cal. May 12, 2000) ("prominent display of hate symbols in workplace, including Nazi swastikas" was evidence supporting Native-American plaintiff's racial harassment claim); *Brown v. Middaugh*, 4 F. Supp. 2d 172, 187 (N.D.N.Y. 1999) (although conduct not sufficiently severe or pervasive to support African-American plaintiff's claim for racial harassment, court analyzed defendants' alleged "making [of] Nazi salutes" and "using Nazi slogans" as part of racially hostile environment); *cf*: *West v. Derby Unified Sch. Dist. No. 260*, 206 F.3d 1358 (10th Cir. 2000) (court noted that in response to severe racial tension between black and white students, school adopted racial harassment policy which

barred "clothing, articles, material, publications or any item that denotes Ku Klux Klan, Aryan Nation-White Supremacy, Black Power, Confederate flags or articles, Neo-Nazi or any other 'hate' group") .

Moreover, AHA was arguably aware of the comment, since Hannings appeared to have made it at a public awards ceremony.  *See* Fulmer-Cherry Depo.  *Tecumseh Prods. Co. v. Rigdon*, 552 S.E.2d 910, 250 Ga. App. 739 (Ct. App. 2001) (finding "actual and constructive" knowledge of employee's violent tendencies supported claim for negligent retention); *Kemp v. Rouse-Atlanta, Inc.*, 429 S.E.2d 264, 267, 207 Ga. App. 876, 878 (Ct. App. 1993) ("An employer's liability for negligent hiring or retention of an employee requires proof that the employer knew or should have known of the employee's violent and criminal propensities . . . and there was no evidence of such knowledge in this case.") (quoting *Odom v. Hubeny, Inc.*, 345 S.E.2d 886, 888, 179 Ga. App. 250, 252 (Ct. App. 1986)).  Thus, because Plaintiff has alleged that Hannings made a statement indicating racial animus in a manner such that AHA would likely have been aware of such statement, the Court cannot say that no relief could be granted on Plaintiff's negligent retention claim under these facts.[3]

---

[3] Although Plaintiff contends that the fact that AHA paid Uke Kustke, the employee to whom Hannings directed the "Nazi" comment, $359,723 in "severance pay" is evidence of Hannings' discriminatory treatment, [Doc. 33 at 8 n.3], the Court

Accordingly, because the Court finds that Plaintiff has shown good cause for amending her complaint under Rule 16(b) and that the motion to amend is not futile under either FED. R. CIV. P. 15(a) or 16(b), Plaintiff's motion to amend is hereby **GRANTED.** The Clerk of Court is hereby **DIRECTED** to treat Plaintiff's amended complaint [Doc. 23, Exh. B] as having been filed.

**IT IS SO ORDERED**, this the 6th day of June, 2007.

  
  
_____  
**ALAN J. BAVERMAN**  
**UNITED STATES MAGISTRATE JUDGE**

---

does not find this information persuasive as it does not know the circumstances surrounding the payment.

AO 72A (Rev.8/82)